MARY HOLLIS *vs.* EDMUND S. HOLLIS.

Waldo.    Opinion December 9, 1891.

*Mortgage. Foreclosure. Discharge. R. S., c. 90, § 5.*

The attempted foreclosure of a mortgage of land by publication under R. S., c. 90, § 5, is fatally defective, if the certificate recites that the notice was given in a newspaper "published" instead of "printed" in the county where the premises are situated. It is also defective unless the "date of the newspaper in which the notice was last published" was recorded.

A mortgage and note secured thereby, was to become void either by payment of the note or "if the said mortgagee should die before the note is paid, then this deed and note are null and void." *Held;* That the mortgage became void upon the death of the mortgagee before payment of the note.

AGREED STATEMENT.

The case is stated in the opinion.

The conditions stated in the mortgage, making a part of the tenant's title, are as follows :

"Provided nevertheless, That if the said *Reuel A. Hollis, his* heirs, executors, or administrators, pay to the said *Susan Rand her* heirs, executors, administrators, or assigns, the sum of *three hundred & fifty dollars, for which the said Reuel A. Hollis has given the said Susan Rand his* note on demand with interest. *Now if the said Susan Rand should die before this note is paid, then this deed & note are null and void and the said Susan Rand is never to transfer this deed* then this deed, as also a certain *note* bearing even date with these presents, given by the said *Reuel A. Hollis* to the said *Susan Rand* to pay the sum and interest at the time aforesaid, shall both be void, otherwise shall remain in full force."

The words printed in italics are written in said mortgage with a pen.

*R. F. Dunton, and F. W. Brown,* for plaintiff.

*W. P. Thompson,* for defendant.

VIRGIN, J.   Writ of entry.   The question is which of the parties has the better title.   Both parties claim under Susan Rand.

The demandant's title.   On May 21, 1875, Susan Rand, by her deed of warranty, conveyed the demanded premises to her son Reuel, who, on the same day mortgaged back to her the same premises to secure his promissory note, of the same date, for three hundred and fifty dollars payable on demand with interest.

On June 26, 1876, Reuel quitclaimed his title to one Grant, who, on March 3, 1877, quitclaimed his interest to the demandant.

The defendant claims title through an alleged foreclosure of the mortgage by Reuel to his mother, of May 21, 1875, and the probated will of the mortgagee (Susan Rand) wherein the use and possession of all her real estate was given to the defendant and his wife during their natural lives.

The condition in the mortgage is somewhat peculiar.   It consists of the mention of two distinct events by the happening of either of which the note and mortgage were both to become void.   One — usually found in the printed form — that on the payment of the note at the time mentioned therein, the note and mortgage "both to become void ;" and the other (written in the blank space between the clauses of the former) in these words :   "Now if the said Susan Rand should die before this note is paid, then this deed and note are null and void, and the said Susan Rand is never to transfer this deed."

The intention of the mother and son as disclosed by the language of the condition seems to have been that the son was to pay the note in full, unless his mother died before that event happened, and if she died before, then the note, or the balance remaining then unpaid, should be considered as forgiven.

It appears that the note was not fully paid in December, 1875, and the mother attempted to foreclose the mortgage by publishing notice in accordance with R. S., c., 90, § 5.   But the certificate is fatally defective in two particulars.   It states that the notice was given in a newspaper "published," instead of "printed" in the county, as the statute requires.   *Blake* v. *Dennett*, 49 Maine, 102 ; *Bragdon* v. *Hatch*, 77 Maine, 433.   It

fails to show that the date of the newspaper in which the notice was last published, was recorded. R. S., c. 90, § 5.

The will does not mention the mortgage on the land mentioned in it; and the testator was estopped to transfer the mortgage by its express terms.

Moreover, the mother having deceased in March, 1889, the mortgage then became void.

The demandant's claim under the warranty deed of Susan Rand, shows better title than the mere possession of the defendant.

*Judgment for demandant.*

PETERS, C. J., LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.